

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN THE INTEREST OF J. A. N., A CHILD, | § | No. 08-17-00066-CV |
| | § | Appeal from the |
| Appellant. | § | 388th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2015DCM5440) |
| | § | |

**O R D E R**

The trial and appellate courts are jointly responsible for ensuring that the appellate record is filed. TEX.R.APP.P. 35.3(c). On March 7, 2018, the Court ordered the trial court to conduct a hearing because the court reporter, Ms. Dee Anne Boyd, did not timely file the reporter's record in this appeal. On April 3, 2018, the trial court entered written findings of fact stating that the court reporter died on or about March 26, 2018. The trial court did not conduct the hearing or make any of the fact findings ordered by the Court. **The trial court and the parties are advised that Appellant may be entitled to a new trial pursuant to TEX.R.APP.P. 34.6(F) if the court reporter's notes and/or the exhibits have been lost or destroyed.** Consequently, this appeal cannot proceed until the issue regarding the court reporter's record is resolved.

It is therefore ORDERED that the trial court conduct a hearing to determine whether the reporter's record has been lost or destroyed, such that Appellant might be entitled to a new trial pursuant to TEX.R.APP.P. 34.6(f). The trial court shall determine the following:

1. whether a significant portion of the court reporter's notes and exhibits have been lost or destroyed;

2. if the reporter's record has been lost or destroyed, whether the lost or destroyed portion is necessary to the appeal's resolution; and

3. if the reporter's record has been lost or destroyed, whether it can be replaced by agreement of the parties; and

4. if Ms. Dee Anne Boyd's notes and/or partial reporter's record have been located, whether another court reporter can prepare and file the reporter's record.

1

Regarding the first fact issue, the parties and the trial court are advised that Ms. Boyd stated in her final extension request that she was picking up the reporter's record from her proofreader on February 27, 2018. She stated in another extension request that the exhibits had been "uploaded" with the help of another court reporter. Thus, it appears that the reporter's record may be near completion. The Court does not know who was Ms. Boyd's proofreader, whether Ms. Boyd completed the record, or where the computer files might be located, and the Court has no means to determine these facts.

The trial court is authorized to hear evidence and to determine any additional matters it deems relevant to this inquiry. The court is also authorized to enter any orders to ensure that the reporter's record is filed at the earliest date possible.

The trial court is directed to make findings of fact and conclusions of law regarding these matters and file same with the trial court clerk for inclusion in a supplemental clerk's record. The transcription of such hearing and the supplemental clerk's record shall be forwarded to this Court on or before May 5, 2018.

IT IS SO ORDERED this 5th day of April, 2018.


PER CURIAM

Before McClure, C.J., Rodriguez, and Palafox, JJ.

2